UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURIE JENKS, by and through STEVEN JENKS as next friend,

    Plaintiff,

  v.

BLUECROSS BLUESHIELD OF ILLINOIS, *et al.*,

    Defendants.

Case No. C13-0181RSL

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

This matter comes before the Court on "Plaintiff's Motion to Supplement the Record." Dkt. # 16. The parties have conferred regarding the information and assurances plaintiff seeks: for the most part, they are in agreement. Each of plaintiff's five requests for information is discussed below. To the extent the Court has ordered supplemental responses, they shall be provided within fourteen days of the date of this Order. Any assurances that responsive documents have been produced or do not exist shall be in writing, signed by counsel.

**A. Case Manager Information**

Defendants shall provide the names and initials of the case managers assigned to plaintiff, along with any documents reflecting work done by the case managers on Mrs. Jenks' case that have not already been produced as part of the administrative record. Plaintiff has

ORDER GRANTING PLAINTIFF'S
MOTION TO SUPPLEMENT THE RECORD - 1

asserted a claim under 29 U.S.C. § 1132(a)(3) seeking specific performance of the case manager provisions of the plan and relief for past violations. The usual limits on discovery in ERISA cases do not apply to such claims. <u>Winburn v. Progress Energy Carolinas, Inc.</u>, 2013 WL 3880149, at *3-4 (D.S.C. July 25, 2013); <u>Marlbrough v. Kanawha Ins. Co.</u>, __ F. Supp.2d __, 2013 WL 1818032, at * 7 (W.D. La. Apr. 29, 2013) (citing <u>Jensen v. Solvay Chems., Inc.</u>, 520 F. Supp.2d 1349, 1352 (D. Wyo. 2007)); <u>Mainieri v. Bd. of Trustees of Operating Eng'rs Local 825 Pension Fund</u>, 2008 WL 4224924, at *4 (D.N.J. Sept. 10, 2008).

### B. Completeness of the Administrative Record

Defendant shall produce any reference materials the claims administrator actually considered when making plaintiff's benefits determination. Following that production, the administrative record will be deemed complete.

### C. Policies or Standards Regarding Case Managers and Case Management

Defendant implies, without actually stating, that the claims administrator actually considered all existing policies and standards regarding (1) the appointment and responsibilities of case managers and (2) case management and its implementation. If that is the case, the supplementation of the administrative record discussed above will fully and completely respond to plaintiff's request. Defendant shall, however, include with its supplemental production an explicit statement that no other documents responsive to this request exist.

### D. Denial Letters

Defendant states that it has no documents governing denial letters other than the relevant portions of the plan and the governing regulations. No further production or assurances are required.

### E. Table of Contents for the Administrative Services Agreement

Defendant shall produce a table of contents for the Administrative Services Agreement. The parties shall work together to agree on provisions that are discoverable and the means by which confidential information will be protected.

ORDER GRANTING PLAINTIFF'S
MOTION TO SUPPLEMENT THE RECORD - 2

1   For all of the foregoing reasons, plaintiff's motion to supplement the record is
2   GRANTED.

4   Dated this 12th day of August, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION TO SUPPLEMENT THE RECORD - 3